**Julius BRYANT, Plaintiff–Appellant,**

v.

**Thomas A. COUGHLIN, III, Commissioner, Department of Corrections, et al., Defendants–Appellees.**

**Julius BRYANT, Plaintiff–Appellant,**

v.

**Christopher ARTUZ, Superintendent of Green Haven Correctional Facility, et al., Defendants–Appellees.**

Nos. 00–0020, 00–0054.

United States Court of Appeals, Second Circuit.

March 9, 2001.

Julius Bryant, Wallkill, NY, pro se.

Eliot Spitzer, N.Y. State Atty. Gen., New York, NY, for appellees.

Present NEWMAN, LEVAL, and SACK, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

Julius Bryant appeals *pro se* from the November 1, 1999, order of the United States District Court for the Southern District of New York (Thomas P. Griesa, then-Chief Judge), denying his claim that the defendant corrections officials violated a settlement agreement entered into on February 20, 1998. The agreement assured Bryant fair treatment in admission to the Unit for the Physically Disabled

("UPD") at Green Haven Prison, where he was then incarcerated. Following an incident in which one or more prisoners set fire to Bryant's cell, Green Haven officials initially placed him in involuntary protective custody ("IPC") for his own safety, and then, upon determination that his medical condition could not be properly dealt with in IPC, transferred him to Shawangunk Correctional Facility, where he is now incarcerated.

Bryant contends that the transfer violated the settlement agreement because it was made in retaliation for complaints he had made about his treatment in the UPD. In support, he alleged that other inmates (unnamed) had told him that another inmate had been "put up" to setting the fire by a prison officer in retaliation for Bryant's helping inmates file grievances against the officer. The defendant prison officials responded with sworn affidavits that the transfer to Shawangunk was made in order to provide adequate care and facilities for Bryant's medical condition.

As Bryant's allegations were based on speculation or at best supported by double hearsay, the District Court properly denied Bryant's claim that the settlement agreement had been violated, which was the only claim properly presented to the District Court. The agreement provided no limitation upon a transfer for legitimate reasons.